IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIRIAM JEAN PLÁ-RAMÍREZ<br><br>**Plaintiff**<br><br>v.<br><br>RODOLFO AGUSTIN MENDIOLA-SAENZ<br><br>**Defendant** | **CIVIL NO.** 22-1091 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Plaintiff's response to a March 7, 2022 Order to show cause why the *Complaint* should not be dismissed under the domestic relations exception to diversity of citizenship subject matter jurisdiction. (Docket Nos. 4 and 5). Because the *Complaint* seeks the division of marital property incident to a divorce decree, the *Complaint* falls squarely within the exception and must be dismissed.

I. BACKGROUND

On February 23, 2022, Plaintiff Miriam Jean Plá-Ramírez ("Plaintiff" or "Ms. Plá-Ramírez") filed a *Complaint* against her ex-husband Rodolfo Agustin Mendiola-Saenz ("Defendant" or "Mr. Mendiola-Saenz") invoking this Court's diversity jurisdiction. (Docket No. 1). Per the allegations of the *Complaint*, the parties were married in Puerto Rico on June 7, 1986. Id. ¶ 6. The parties

separated in 2002 and subsequently divorced on June 22, 2020 pursuant to a Default Judgment issued by the Superior Court of California for the County of Los Angeles. Id. ¶¶ 10, 13. Plaintiff posits that under Puerto Rico law, she is entitled to fifty percent (50%) of all assets accumulated during their marriage but Mr. Mendiola-Saenz has refused to fairly liquidate Ms. Plá-Ramírez's interests on the community property. Id. ¶¶ 13-19. Therefore, Plaintiff requests the division of all assets comprising the existing community property with Mr. Mendiola-Saenz and asks that the Court: (1) order dissolution of the existing community property between her and Defendant; and (2) issue a qualified domestic relations order to the administrator of the employment retirement plan containing the majority of the marital assets. Id. at ¶ 22.

On March 7, 2022, the Court ordered Plaintiff to show cause as to why the *Complaint* should not be dismissed in light of the domestic relations exception to federal courts' diversity jurisdiction. (Docket No. 4). In compliance, Plaintiff filed a *Memorandum of Law about the Domestic Relations exception to Diversity of Citizenship Jurisdiction*. (Docket No. 5). Therein, Plaintiff avers the "domestic relations exception" is limited and only applies to requests seeking the issuance or modification of a divorce decree, alimony, or child custody. Id. ¶¶ 3-4.

## II. DISCUSSION

The domestic relations exception to federal jurisdiction was first recognized by the Supreme Court in Barber v. Barber, 62 U.S. 582 (1858) and "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). The purpose of this "exception is to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (*e.g.,* family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001).

Plaintiff correctly notes that "[d]espite the breadth of the phrase 'domestic relations exception' and the potential reach of the exception's aim, *Ankenbrandt* made clear that the exception is narrowly limited." Id. Therefore, federal courts retain jurisdiction over claims even if they can substantially affect domestic relations or are intimately connected to family affairs. *See* Dunn, 238 F.3d at 41; Norton v. McOsker, 407 F.3d 501, 505 (1st Cir. 2005) ("Notwithstanding the fact that this case has grown out of the dissolution of an intimate relationship, Norton's claims do not sound in family law, let alone the specific areas of divorce, alimony, and child custody. Instead, Norton brought tort and contract claims.").

However, the exception is not as scrimpy as Plaintiff suggests. The First Circuit has held that "the domestic relations exception 'governs claims over [domestic relations decrees] even where they are cloaked in the trappings of another type of claim.'" Irish v. Irish, 842 F.3d 736, 742 (1st Cir. 2016) (quoting Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003)). Relevant here, the court has specifically held that "**[n]ot only divorce, but the allocation of property incident to a divorce, are longstanding local functions governed by state law**." DeMauro v. DeMauro, 115 F.3d 94, 99 (1st Cir. 1997) (emphasis added).

For example, in Irish, the First Circuit rejected the argument that the plaintiff's action seeking 20% of her ex-husband's interest in a company, per the terms of their Separation Agreement, was "permissible in federal court not as one to obtain a division of marital property, but as one merely to enforce the division envisioned in her existing agreement with [her ex-husband]." Irish v. Irish, 842 F.3d at 742. The Irish Court explained:

> Indeed, cognizant of the fact that property-**distribution and alimony arrangements necessarily accompany a divorce, exist in inextricable relation to each other, and jointly declare rights and obligations arising from marital status under state law, other circuits have also recognized that the domestic relations exception covers attempts to determine or modify not only alimony awards but also the division of marital property pursuant to a divorce**. In our view, there is not more published law on this subject because few claims to divide marital property are ever

> filed in federal court. This reflects an understanding that the federal forum is inappropriate and reinforces the exception's policy rationale: <u>state courts</u> are experts at dividing marital property, entering the necessary decrees, and handling the sensitive conflicts that follow.

<u>Id.</u> at 741 (internal citations omitted).

In the case at bar, Plaintiff seeks the division of community property to obtain the portion of marital assets she is entitled to under Puerto Rico law. (Docket No. 1). In keeping with the First Circuit's <u>Irish</u> and <u>DeMauro</u> decisions, the Court concludes that Plaintiff's claims fall within the scope of the "domestic relations exception" to federal jurisdiction, and thus must be dismissed.

## I.   CONCLUSION

Based on the foregoing, the *Complaint* is dismissed for lack of subject-matter jurisdiction under the "domestic relations exception." Plaintiff may very well have remedies for allegations made in the *Complaint*, but it is the Courts of the Commonwealth of Puerto Rico that must provide them.

Judgment of dismissal without prejudice shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 4th day of May 2022.

                              S/ RAÚL M. ARIAS-MARXUACH
                              United States District Judge